# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

KEVIN LEWIS,

    Petitioner,

vs.

MICHAEL BUDGE, et al.,

    Respondents.

Case No. 3:06-CV-00575-LRH-(VPC)

**ORDER**

    Before the Court are the Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#6), Respondents' Answer (#13), and Petitioner's Reply (#19). The Court finds that relief is not warranted and denies the Petition (#6).

    Pursuant to an agreement, Petitioner pleaded guilty in the Second Judicial District Court of the State of Nevada to robbery with the use of a deadly weapon and conspiracy to commit robbery. Ex. 17 (#16-2, p. 17).[1] For the robbery, petitioner was sentenced to prison for a minimum of 72 months and a maximum of 180 months, with an equal and consecutive term for the use of a deadly weapon. For the conspiracy, petitioner was sentenced to a minimum of 28 months and a maximum of 72 months, running concurrent with the robbery sentence. Ex. 25, attached to Return (#16-5, p. 9). Petitioner did not appeal.

    Petitioner filed in the state district court a habeas corpus petition. Ex. 20 (#16-3, p. 20). The district court held an evidentiary hearing. Ex. 31 (#16-7, p. 20). The court then denied the petition.

---

[1] Page numbers in parentheses refer to the Court's computer images of the documents.

Ex. 32 (#16-8, p. 1).  Petitioner appealed, and the Nevada Supreme Court affirmed.  Ex. 36 (#16-9, p. 9).

Petitioner then commenced this action.  Originally, the Petition (#6) contained eight grounds.  The Court dismissed (#5) Grounds 2, 4, 6, 7, and 8 before serving the Petition upon Respondents, because he waived those grounds with his guilty plea.  Tollett v. Henderson, 411 U.S. 258, 267 (1973).  Grounds 1, 3, and 5 remain.

"A federal court may grant a state habeas petitioner relief for a claim that was adjudicated on the merits in state court only if that adjudication 'resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" Mitchell v. Esparza, 540 U.S. 12, 15 (2003) (quoting 28 U.S.C. § 2254(d)(1)), or if the state-court adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

> A state court's decision is "contrary to" our clearly established law if it "applies a rule that contradicts the governing law set forth in our cases" or if it "confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." A state court's decision is not "contrary to . . . clearly established Federal law" simply because the court did not cite our opinions. We have held that a state court need not even be aware of our precedents, "so long as neither the reasoning nor the result of the state-court decision contradicts them."

Id. at 15-16.  "Under § 2254(d)(1)'s 'unreasonable application' clause . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must be objectively unreasonable."  Lockyer v. Andrade, 538 U.S. 63, 75-76 (2003) (internal quotations omitted).

> [T]he range of reasonable judgment can depend in part on the nature of the relevant rule.  If a legal rule is specific, the range may be narrow.  Applications of the rule may be plainly correct or incorrect.  Other rules are more general, and their meaning must emerge in application over the course of time.  Applying a general standard to a specific case can demand a substantial element of judgment.  As a result, evaluating whether a rule application was unreasonable requires considering the rule's specificity.  The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> When it comes to state-court factual findings, [the Antiterrorism and Effective Death Penalty Act] has two separate provisions. First, section 2254(d)(2) authorizes federal courts to grant habeas relief in cases where the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Or, to put it conversely, a federal court may not second-guess a state court's fact-finding process unless, after review of the state-court record, it determines that the state court was not merely wrong, but actually unreasonable. Second, section 2254(e)(1) provides that "a determination of a factual issue made by a State court shall be presumed to be correct," and that this presumption of correctness may be rebutted only by "clear and convincing evidence."
>
> We interpret these provisions sensibly, faithful to their text and consistent with the maxim that we must construe statutory language so as to avoid contradiction or redundancy. The first provision—the "unreasonable determination" clause—applies most readily to situations where petitioner challenges the state court's findings based entirely on the state record. Such a challenge may be based on the claim that the finding is unsupported by sufficient evidence, that the process employed by the state court is defective, or that no finding was made by the state court at all. What the "unreasonable determination" clause teaches us is that, in conducting this kind of intrinsic review of a state court's processes, we must be particularly deferential to our state-court colleagues. For example, in concluding that a state-court finding is unsupported by substantial evidence in the state-court record, it is not enough that we would reverse in similar circumstances if this were an appeal from a district court decision. Rather, we must be convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record. Similarly, before we can determine that the state-court factfinding process is defective in some material way, or perhaps non-existent, we must more than merely doubt whether the process operated properly. Rather, we must be satisfied that any appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate.

Taylor v. Maddox, 366 F.3d 992, 999-1000 (9th Cir. 2004).

"Rule 7 of the Rules Governing § 2254 cases allows the district court to expand the record without holding an evidentiary hearing." Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th Cir. 2005). The requirements of § 2254(e)(2) apply to a Rule 7 expansion of the record, even without an evidentiary hearing. Id. "An exception to this general rule exists if a Petitioner exercised diligence in his efforts to develop the factual basis of his claims in state court proceedings." Id.

The petitioner bears the burden of proving by a preponderance of the evidence that he is entitled to habeas relief. Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004), cert. dismissed, 545 U.S. 1165 (2005).

In Ground 1, Petitioner claims that his plea was unknowing and involuntary because counsel made promises that were not kept and because counsel coerced him into pleading guilty. Petitioner concedes that Ground 1 is without merit. Reply, p. 2 (#19).

Grounds 3 and 5 are claims that counsel was ineffective for failing to file a direct appeal, even after Petitioner told counsel that he wanted to appeal. "[T]he right to counsel is the right to the effective assistance of counsel." McMann v. Richardson, 397 U.S. 759, 771 & n.14 (1970). A petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." Id. at 697.

Strickland expressly declines to articulate specific guidelines for attorney performance beyond generalized duties, including the duty of loyalty, the duty to avoid conflicts of interest, the duty to advocate the defendant's cause, and the duty to communicate with the client over the course of the prosecution. 466 U.S. at 688. The Court avoided defining defense counsel's duties so exhaustively as to give rise to a "checklist for judicial evaluation of attorney performance. . . . Any such set of rules would interfere with the constitutionally protected independence of counsel and restrict the wide latitude counsel must have in making tactical decisions." Id. at 688-89.

Review of an attorney's performance must be "highly deferential," and must adopt counsel's perspective at the time of the challenged conduct to avoid the "distorting effects of hindsight." Strickland, 466 U.S. at 689. A reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (citation omitted).

The Sixth Amendment does not guarantee effective counsel per se, but rather a fair proceeding with a reliable outcome. See Strickland, 466 U.S. at 691-92. See also Jennings v.

Woodford, 290 F.3d 1006, 1012 (9th Cir. 2002).  Consequently, a demonstration that counsel fell below an objective standard of reasonableness alone is insufficient to warrant a finding of ineffective assistance.  The petitioner must also show that the attorney's sub-par performance prejudiced the defense.  Strickland, 466 U.S. at 691-92.  There must be a reasonable probability that, but for the attorney's challenged conduct, the result of the proceeding in question would have been different.  Id. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Id.

If a state court applies the principles of Strickland to a claim of ineffective assistance of counsel in a proceeding before that court, the petitioner must show that the state court applied Strickland in an objectively unreasonable manner to gain federal habeas corpus relief.  Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

The dispute over the direct appeal was whether Petitioner told counsel that he wanted to appeal.  At the evidentiary hearing, Petitioner testified that he told counsel that he wanted to appeal.  Counsel testified that Petitioner never asked for an appeal.  The judge believed counsel and did not believe Petitioner.  Ex. 31, pp. 54-55 (#16-7, p. 35).  This case came down to a credibility determination, of which the state district court was the final judge.  Its factual determination was reasonable in light of the evidence presented at the hearing.  28 U.S.C. § 2254(d)(2).

The question remains whether counsel should have consulted with Petitioner about a direct appeal.  "[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."  Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000).

Petitioner argues that there were several issues that he wanted to appeal, but none are issues that counsel would think a rational defendant would want to raise.  First, Petitioner argues that he would have appealed his sentence.  Petitioner's sentence for robbery does not exceed the legal limit.  See Nev. Rev. Stat. § 200.380(2).  Petitioner's sentence for conspiracy to commit robbery does not exceed the legal limit.  See Nev. Rev. Stat. § 199.480(1)(1).  The minimum terms on both sentences

do not exceed 40% of the maximum terms. See Nev. Rev. Stat. § 193.130(1). There was nothing illegal and appealable about the sentences. Second, Petitioner argues that he would have appealed the suggestive nature of the identification process. Third, petitioner argues that he would have appealed the deprivation of his speedy trial rights and continued delay in his case. In Nevada, a guilty plea waives all preceding errors that do not attack the voluntary or intelligent nature of the plea. Webb v. State, 538 P.2d 164, 165 (Nev. 1975) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)). These two issues had nothing to do with the nature of Petitioner's guilty plea. Consequently, counsel had no reason to think that Petitioner would want to appeal them. Grounds 3 and 5 are without merit.

In Ground 5, Petitioner notes that he had a poor working relationship with his counsel. He argues that this was part of the reason why counsel did not file a notice of appeal. The Sixth Amendment does not guarantee Petitioner a conflict-free relationship with his counsel, but it does protect him if "the conflict between [him] and his attorney prevented effective assistance of counsel." Schell v. Witek, 218 F.3d 1017, 1026 (9th Cir. 2000) (en banc) (citing Morris v. Slappy, 461 U.S. 1, 13-14 (1983) ("Accordingly, we reject the claim that the Sixth Amendment guarantees a 'meaningful relationship' between an accused and his counsel."). Petitioner conceded that Ground 1 was without merit. Grounds 3 and 5 are without merit for the reasons stated above. However poor the relationship between Petitioner and his counsel might have been, Petitioner suffered no prejudice from it.

IT IS THEREFORE ORDERED that the Petition for a Writ of Habeas Corpus (#6) is **DENIED**. The Clerk of the Court shall enter judgment accordingly.

DATED this 14th day of April, 2009.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE